United States District Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILLUMIPURE, INC., *Plaintiff*, | § § § § § § § § § § | NO. 4:24-cv-3678 |
| v. | | |
| TRUSTED CLIENT SOLUTIONS, LLC, *Defendant*. | | |

# JUDGE PALERMO'S
# REPORT AND RECOMMENDATION & ORDER

Before the Court is Defendant's motion for default judgment. Def.'s Mot., ECF No. 34.[1] Defendant brought counterclaims against Plaintiff for breach of contract, money had and received, and breach of warranty. Def.'s Counterclaims, ECF No. 4. Plaintiff, a corporation, failed to obtain counsel despite numerous opportunities provided by the Court. Orders to Hire Counsel, ECF Nos. 14, 19, 32. As a result, the Court ordered entry of default against Plaintiff on Defendant's counterclaims, ECF No. 35. Plaintiff has not answered the motion for default judgment. Based on a careful review of Defendant's counterclaims, the briefing, the evidence, and the record, the Court recommends that the motion for default judgment be granted. Default judgment should be entered against Plaintiff and damages in the

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings. Referral Order, ECF No. 18.

amount of $138,015.58 in damages, pre-judgment interest at a rate of 3.65% per annum, and post-judgment interest at a rate of 3.66% per annum.

## I. BACKGROUND FACTS.

In December 2020, Defendant entered a business relationship with Plaintiff to market and sell Plaintiff's products. ECF No. 4 ¶¶ 1, 35. The ongoing business relationship between Plaintiff and Defendant created an implied commercial contract between the parties for the sale of goods where Plaintiff sold Defendant products on an open account. ECF No. 4 ¶¶ 20, 25. Defendant fully performed, but Plaintiff failed to: (1) account for correct amounts and pricing of products shipped to Defendant, defective products returned by Defendant, Defendant's commissions, and Defendant's payments; (2) track delayed backorders resulting in double billing; and (3) sell products without defect. ECF No. 4 ¶¶ 21, 22, 26, 36. Defendant sought $138,015.58 in overpayments to Plaintiff. ECF No. 4.

> Through its motion for default judgment, Defendant summarizes that it seeks:
>
> liquidated damages for principal and interest due and owing from Plaintiff pursuant to the ongoing business relationship the parties entered into in December 2020, in which Plaintiff sold goods to Defendant on open account with the understanding that Defendant would market and sell Plaintiff's products. By such agreement, Plaintiff made an implied covenant that the goods it provided were merchantable and fit for installation in school district facilities and other commercial buildings. But many of the goods were defective, inoperative, unsuited for the purposes on which they were sold, or charged to [Defendant] at the incorrect merchant rate. As of October 4, 2024, [Plaintiff] owed [Defendant] $138,015.58 in principal and pre-judgment interest accruing at a rate of 4.26%.

ECF No. 34 at 7.

## II. FEDERAL RULE OF CIVIL PROCEDURE 55

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After default is entered, a party may ask the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

A plaintiff must submit evidence that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649-51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)"). Without proper service, a court does not have personal jurisdiction over the defendant, and as a

result, any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A motion for default judgment requires the court to determine: "(1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages." *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider whether: (1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Default judgments are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977). "A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*,

515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Wooten*, 788 F.3d at 497-98.[2]

### III. DEFAULT JUDGMENT SHOULD BE GRANTED.

#### A. Default Judgment Is Procedurally Appropriate.

Plaintiff's counsel, different attorneys, have withdrawn from representation twice. Orders, ECF Nos. 14, 32. Most recently, on September 3, 2025, the Court ordered Plaintiff to hire counsel by October 3, 2025. Order, ECF No. 32. In that order, the Court again advised Plaintiff that a corporation cannot appear in federal court unless represented by a licensed attorney and cautioned Plaintiff for the second time that, if Plaintiff fails to obtain counsel, the Court may recommend that Plaintiff's case be dismissed for failure to prosecute and that default be entered against Plaintiff on Defendant's counterclaims. *Id.* (citing *Healix Infusion Therapy, Inc. v. Craig E. Smith, M.D., P.C.*, No. 4:09CV2776, 2010 WL 11668307, at *1 (S.D. Tex. July 16, 2010), *adopted*, No. CV H-09-2776, 2010 WL 11668309 (S.D.

---

[2] Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Tex. Aug. 5, 2010) (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004))). To date, Plaintiff has not hired counsel.

In response to Plaintiff's failure, Defendant filed a motion to dismiss Plaintiff's claims and motion for entry of default and default judgment on Defendant's counterclaims. ECF Nos. 33, 34. Courts use Rule 41(b) to dismiss unrepresented corporations' claims and enter default against unrepresented corporations on counterclaims. *See Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Ltd.*, No. 4:22-CV-1983, 2023 WL 8007125, at *2 (S.D. Tex. Oct. 24, 2023), *adopted sub nom. Translantica Commodities PTE LTD v. Hanwin Shipping Ltd.*, No. CV H:22-1983, 2023 WL 8007996 (S.D. Tex. Nov. 16, 2023) (dismissing unrepresented corporation's claims after court warning); *K3 Logistics, LLC v. Cryptotherm Mfg., Inc. v. Clayton Bush & NGL Water Sols.*, No. 24-CV-00001-DC-RCG, 2024 WL 3050388, at *2 (W.D. Tex. May 28, 2024), *adopted sub nom. K3 Logistics, LLC v. Cryptotherm Mfg., Inc.*, No. MO:24-CV-00001-DC, 2024 WL 3050365 (W.D. Tex. June 18, 2024) ("Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel.") (citing *Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505-M-BN, 2015 WL 3439166, at *2 (N.D. Tex. May 28, 2015) (citing *PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003); *Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL

424326, at *1 (S.D. Tex. Feb.19, 2009))). Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court recommended that Plaintiff's claims be dismissed and default be entered against Plaintiff on Defendant's counterclaims under Federal Rule of Civil Procedure 41(b). R&R, ECF No. 35. The Court now takes up the motion for default judgment. ECF No. 34.

The Court entered default against Plaintiff for its failure to timely retain counsel, and therefore, disregards its answer—no material facts are in dispute. ECF No. 13, 35. Further, Plaintiff's continued failure to retain counsel despite numerous opportunities to do so has brought the adversarial process to a halt and prejudiced Defendant's interests. The grounds for default are clearly established in that Plaintiff has been given numerous opportunities and numerous weeks to retain counsel with Court's admonishment that failure to obtain counsel may result in default judgment on Defendant's counterclaims. The record shows that Plaintiff's many failures are not the result of a good faith mistake or excusable neglect—instead, the motions to withdraw note Plaintiff's failure to cooperate in the litigation and failure to pay. ECF Nos. 13, 31. Given Plaintiff's repeated failure to retain counsel despite the Court's admonishments, default judgment is not overly harsh in these circumstances. Default judgment is procedurally warranted under these circumstances. *See K3 Logistics*, 2025 WL 365798, at *3; *see also Sweeney v. Hoy Health LLC*, No. SA-22-CV-00323, 2023 WL 11904104, at *3 (W.D. Tex. Nov. 3, 2023) ("When a corporate

7

defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may properly strike its defenses or enter default.").

### B. Defendant Presented Colorable Claims.

Due to the entry of default, Plaintiff is deemed to have admitted the allegations outlined in Defendant's counterclaims. *See K3 Logistics*, 2025 WL 365798, at *4 (citing *Nishimatsu Constru.*, 515 F.2d at 1206). Even so, the Court reviews Defendant's pleadings to determine whether it pleads a sufficient basis for its counterclaims. *See id.* To guide this analysis, the Court considers Rule 8, which is less rigorous than Rule 12(b)(6). *Id.* (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and footnote omitted) (alteration in original)). Defendant alleged counterclaims for breach of contract, money had and received, and breach of warranty. ECF No. 4.

### 1. Defendant Established a Breach of Contract Claim.

"In Texas, a breach of contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *K3 Logistics*, 2025 WL 365798, at *4 (citing *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co.*

8

*v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. Ct. App.—Houston [1st. Dist.] 2001, reh'g overruled))).

> Here, Defendant alleges that it entered into an agreement with Plaintiff where:
>
> [Plaintiff] sold product to [Defendant] on open account with the understanding that [Defendant] would market and sell [Plaintiff]'s products to [Defendant] customers. Once a sale was made, [Plaintiff] was responsible for pulling, packing, shipping, and delivering the products to [Defendant] at its jobsites, as well as accurately invoicing TCS for all [Plaintiff] Products shipped. [Defendant] was responsible for receiving and logging all [Plaintiff] Products into inventory upon delivery at the [Defendant] jobsites and remitting payments to [Plaintiff].

ECF No. 4 ¶ 19. Defendant alleges that it fulfilled its contractual obligations, but Plaintiff "repeatedly failed to properly account for:" (1) the correct amount and price of the products shipped to Defendant; (2) the defective and inoperative products that Defendant returned to Plaintiff; (3) commissions due to Defendant; and (4) the proper application of payments made by Defendant in satisfaction of its open invoices. ECF No. 4 ¶ 21. Defendant also alleges that Plaintiff "failed to track backorders for []Product and subsequently billed [Defendant] more than once for the same product once the backorder was fulfilled." ECF No. 4 ¶ 22. Plaintiff's errors directly and proximately caused Defendant to suffer damages in the amount of $138,015.58. ECF No. 4 ¶ 23. Defendant established a breach of contract claim against Plaintiff. *See K3 Logistics*, 2025 WL 365798, at *4.

### 2. Defendant Established a Claim for Money Had and Received.

"A cause of action for money had and received is equitable in nature." *MS Int'l, Inc. v. EDCO Express Logistics, LLC*, No. 5:23-CV-00088, 2024 WL 5036660, at *3 (S.D. Tex. May 20, 2024) (quoting *Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App. 2008)). A finding in Defendant's favor may lead to equitable relief as opposed to damages, which here would be the restitution of the funds. *See id.* (citing *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 832 (Tex. App. 2006), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007)).

In Texas, "[t]he question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All [Defendant] need show is that [Plaintiff] holds money which in equity and good conscience belongs to him." *See id.* (quoting *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004)). "[I]n some circumstances, overpayments under a valid contract may give rise to a claim for restitution or unjust enrichment." *Id.* (quoting *Sw. Elec. Power Co. v. Burlington N. R.R.*, 966 S.W.2d 467, 470 (Tex. 1998) (collecting cases)). "[O]verpayment typically falls outside a contract's terms and, in that event, the contract would not 'cover the subject matter of the parties' dispute." *Id.* (quoting *Villarreal v. First Presidio Bank*, 744 F. App'x 204, 207 (5th Cir. 2018) (citing *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000))).

Here, Plaintiff alleged that there is a valid agreement controlling payments between the parties, but due to Plaintiff's improper accounting, Defendant overpaid Plaintiff in the amount of $138,015.58. ECF No. 4 ¶¶ 25–28. Defendant established a claim for money had and received against Plaintiff.

### 3.     Defendant Established a Breach of Warranty Claim.

To establish a claim for breach of the implied warranty of merchantability under Texas law Defendant must prove: "(1) that the merchant sold goods to the plaintiff; (2) that the goods were unmerchantable; (3) that the plaintiff notified the defendant of the breach; and (4) that the plaintiff suffered injury proximately caused by the breach." *Decker v. Milwaukee Elec. Tool Corp.*, No. 2:21-CV-00181, 2024 WL 5203035, at *2 (S.D. Tex. Apr. 25, 2024) (quoting *Andrews v. Dial Corp.*, 143 F. Supp. 3d 522, 527 (W.D. Tex. 2015) (citing *Coppock v. Nat'l Seating & Mobility, Inc.*, 121 F. Supp. 3d 661, 668 (W.D. Tex. 2015); *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999)); citing *Williams v. Hyster-Yale Grp.*, No. 4:21-CV-1442, 2024 WL 1144889, at *11 (S.D. Tex. Feb. 9, 2024), *adopted*, No. 4:21-CV-01442, 2024 WL 1144267 (S.D. Tex. Mar. 13, 2024)).

"Under Texas law, goods are merchantable if the goods 'are fit for the ordinary purposes for which such goods are used[.]'" *Decker*, 2024 WL 5203035, at *2 (quoting Tex. Bus. & Com. Code § 2.314(b)(3); citing *Andrews*, 143 F. Supp. 3d at 527). "Proof of a defect is required in an action for breach of implied warranty of

11

merchantability under § 2.314(b)(3)." *Id.* (quoting *Andrews*, 143 F. Supp. 3d at 527-28 (quoting *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989)); citing *Moreno v. Allison Med., Inc.*, No. 3:20-CV-00300, 2022 WL 3702061, at *7 (S.D. Tex. Aug. 9, 2022), *adopted*, No. 3:20-CV-00300, 2022 WL 3703858 (S.D. Tex. Aug. 26, 2022); *Moncibaiz v. Pfizer Inc.*, 532 F. Supp. 3d 452, 462 (S.D. Tex. 2021)).

Defendant alleges that Plaintiff was aware of Defendant's customers intended use of the products, Plaintiff sold products to Defendant and made an implied covenant of merchantability that the product was "fit for installation into ceilings for school district facilities and other commercial buildings." ECF No. 4 ¶¶ 33, 34. Relying on Plaintiff's representations, Defendant sold the products to their customers "with a lifetime warranty on its fabricated container and a limited warranty on its individual components," but later learned that many of the product's components were "were defective, inoperative, or unsuited for [Defendant]'s purposes." ECF No. 4 ¶¶ 35, 36. Upon discovering the defective products, Defendant notified Plaintiff of Plaintiff's breach of merchantability and Defendant had to replace the defective products from its own inventory. ECF No. 4 ¶¶ 36, 37. Defendant alleges that cost of the goods necessary to replace the defective products was no less than $50,394.18, which is included in its requested $138,015.558. ECF

No. 4 ¶ 37.³ Defendant established a breach of implied warranty claim against Plaintiff.

## III.  DEFENDANT IS ENTITLED TO DAMAGES.

After finding default judgment can be entered, the Court must determine what form of relief, if any, Defendant is entitled to. *Hancock Whitney Bank v. ECS Executive Corp Services*, No. 4:21-CV-00932, 2022 WL 1211375, at *4 (S.D. Tex. Apr. 25, 2022) (citing *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *2 (N.D. Tex. Dec. 19, 2017)). Defendant bears the burden of proving the amount of damages and "must establish the necessary facts, either through detailed affidavits or an evidentiary hearing, to show its damages are 'capable of mathematical calculation.'" *See id.* (citing *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "If a calculation can be made 'with certainty by reference to the pleadings and supporting documents,' a hearing to determine damages is unnecessary." *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311

---

³ Actions for breach of the implied warranty of merchantability permit recovery of actual damages. *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F. Supp. 3d 656, 668 (S.D. Tex. 2021) (citing *Polaris Indus., Inc. v. McDonald*, 119 S.W.3d 331, 336 (Tex. App.—Tyler 2003, no pet.) (citations omitted)). "Actual damages include direct damages, which are measured by the difference between the value of the goods accepted and the value of the goods if they had been as warranted." *Id.* (quoting *Polaris Indus., Inc. v. McDonald*, 119 S.W.3d at 336). "Actual damages also include incidental and consequential damages, such as foreseeable lost profits, personal injury, and property damage caused by the breach." *Id.* (quoting *Polaris Indus., Inc. v. McDonald*, 119 S.W.3d at 336–37 (citations omitted)).

13

(5th Cir. 1993) (quoting *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992))).

Defendant requests $138,015.58 in principal, prejudgment interest accruing at a rate of 4.26% until the entry of default judgment and 4.26% post-judgment interest. ECF No. 34 at 8. In support of its request, Defendant provides: (1) the affidavit of Emory C. Powers, Defendant's attorney, ECF No. 34-1; (2) Declaration of Lee Thomas, Defendant's Chief Operating Officer, ECF No. 34-2; and (3) a copy of relevant invoice details, corrections, and explanations, ECF No. 34-3.

Because the amount sought can be calculated from review the pleadings and supporting documents on file, there is no need for an evidentiary hearing. *See United Cmty. Bank, Inc. v. Loven Bf, Inc.*, No. 3:20-CV-00076, 2020 WL 5045310, at *3 (S.D. Tex. July 22, 2020), *adopted*, No. 3:20-CV-00076, 2020 WL 5039496 (S.D. Tex. Aug. 26, 2020); *Hancock Whitney Bank v. ECS Executive Corp Services*, No. 4:21-CV-00932, 2022 WL 1211375, at *4 (S.D. Tex. Apr. 25, 2022).

### A.   Defendant is Entitled to Monetary Damages.

In support of its claim for monetary damages, Defendant's counterclaim allegations and Defendant's COO's declaration establish that Plaintiff required $138,015.58 overpayment from Defendant, which Defendant overpaid. Plaintiff now owes Defendant this overpayment. ECF Nos. 4 ¶¶ 23, 28, 30; 34-2. The $138,015.58 figure has not been disputed by Plaintiff. Defendant's COO declared

that he reviewed invoices and audits and based on his review, Plaintiff owes Defendant $138,015.58 in overpayments. ECF No. 34-2.

Entering default judgment with respect to damages is appropriate. Plaintiff owes Defendant $138,015.58. *See VASS Pipe & Steel Co., Inc. v. KN Equip., Inc.*, No. 4:23-CV-0708, 2023 WL 5534197, at *1 (S.D. Tex. July 28, 2023), *adopted*, No. 4:23-CV-00708, 2023 WL 5532803 (S.D. Tex. Aug. 25, 2023) (accepting uncontested pled allegations and declaration as sufficient evidence of damages for unpaid invoices).

  **B.** **Defendant is Entitled to Pre- and Post-Judgment Interest.**

Defendant also asks for pre- and post-judgment interest. "In a diversity case such as this, prejudgment interest is governed by state law and postjudgment interest is governed by federal law, specifically 28 U.S.C. § 1961(a)." *VASS Pipe & Steel Co.*, 2023 WL 5534197, at *1 (citing *Craig v. GACP II, L.P.*, No. 3:19-CV-0058-G, 2022 WL 1778392, at *5 (N.D. Tex. June 1, 2022) (citing *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002))). "Under Texas law, unless a contract specifies the rate of prejudgment interest, '[p]rejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest.'" *Id.* (citing *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2022 WL 2375707, at *6 (S.D. Tex. June 3, 2022) (internal citation omitted)).

The postjudgment interest rate in Texas as of Defendant's filing of its motion for default judgment is 3.65%. ECF No. 34. Therefore, prejudgment interest should be awarded on $138,015.58 from the date of the counterclaim filing, October 4, 2024, through the date of entry of final judgment at the rate of 3.65%, as provided by Texas law. *See VASS Pipe & Steel Co., Inc.*, 2023 WL 5534197, at *1.

Pursuant to 28 U.S.C. § 1961(a), postjudgment interest on a federal judgment should be awarded "at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment." This rate is currently 3.66%. *See* https://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited November 5, 2025).

## IV.   CONCLUSION

The Court recommends that Defendant's Motion for Default Judgment, ECF No. 34, be **GRANTED**. Defendant should have judgment against Plaintiff in the following amounts:

- $138,015.58 in damages,
- pre-judgment interest at a rate of 3.65% per annum, and
- post-judgment interest at a rate of 3.66% per annum.

In addition, the Court **ORDERS** that the Joint Pretrial Order deadline and Docket Call date contained int eh Amended Scheduling Order< ECF No. 30, are

16

**VACATED.**

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). **Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on November 17, 2025.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**